IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGELA REID,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN SECURITY INSURANCE COMPANY,<br><br>      Defendant. | CIVIL ACTION NO.<br><br>_____ |

## COMPLAINT

COMES NOW, Angela Reid, by and through undersigned counsel, and brings this action against American Security Insurance Company, and states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA") alleging that Defendant (1) failed to pay Plaintiff the correct amount of overtime wages during her employment and (2) retaliated against Plaintiff for actions protected under the FLSA.

## JURISDICTION AND VENUE

2. This Court exercises original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and LR 3.1(B), NDGa. because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Plaintiff resides in Cobb County, Georgia.

5. Defendant is a for-profit insurance company and maintains a principal office at 260 Interstate North Circle SE, Atlanta, Georgia, 30339, according to its registration with the Georgia Secretary of State.

6. Defendant may be served with process by delivering a copy of the complaint and summons to its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

7. Defendant is a subsidiary of Assurant, Inc. and Interfinancial, Inc.

8. "Assurant Specialty Property" is a trade name used by Defendant.

9. Defendant employed Plaintiff, who engaged in interstate commerce or the production of goods for interstate commerce.

10. At times relevant to this action, Plaintiff worked for Defendant at 2405 Commerce Avenue, Building 2000, Suite 100, Duluth, Georgia 30096, which is located in Gwinnett County.

11. Defendant "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i).

12. Defendant "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(ii).

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIMS

13. Defendant is engaged in the business of partnering with industry leaders in mortgage lending, manufactured housing, renter's insurance, and other niche insurance markets to protect client and consumer property.

14. Defendant hired Plaintiff on or about July 16, 2007.

15. Plaintiff worked as a Unit Manager until approximately November of 2011.

16. In approximately November of 2011, Defendant transitioned Plaintiff to the role of Operations Analyst II.

17. As an Operations Analyst II, Plaintiff received salary paid every two weeks.

18. As an Operations Analyst II during 2012, Plaintiff received compensation of approximately $52,821.53.

19. In her capacity as an Operations Analyst II, Plaintiff primarily worked on matters associated with one of Defendant's clients, Chase Bank ("Chase").

20. In her capacity as an Operations Analyst II, Plaintiff performed routine data entry on her computer and prepared spreadsheets.

21. For example, Plaintiff logged evaluations received from Chase on a spreadsheet.

22. Plaintiff retrieved call recordings from Chase and uploaded the recordings to Defendant's computer system.

23. Plaintiff logged calls that Defendant received from Chase.

24. Plaintiff emailed weekly spreadsheet reports to supervisory personnel.

25. Defendant required Plaintiff to complete her job duties within specific time frames.

26. Defendant required that Plaintiff work from Defendant's office Monday through Friday.

27. Defendant notified Plaintiff that her regular shift at Defendant's office began at 8:00 a.m. and lasted until 5:00 p.m.

28. Defendant notified Plaintiff that she should be able to complete her work within her regular shift, but this expectation was unrealistic.

29. Consequently, Plaintiff often worked before and/or after her regular shift hours.

30. At times relevant to this action, Plaintiff worked at the Duluth office prior to 8:00 a.m.

31. At times relevant to this action, Plaintiff worked at the Duluth office after 5:00 p.m.

32. At times relevant to this action, Plaintiff worked on weekends.

33. At times relevant to this action, Plaintiff performed work from her home.

34. Plaintiff typically logged into and/or out of Defendant's computer system to complete her work.

35. The login and logout times recorded by Plaintiff include hours before her shift, after her shift, and on weekends.

36. Plaintiff typically used an electronic door pass to enter and exit certain areas in the Duluth office.

37. At times relevant to this action, Plaintiff used the electronic door pass before her shift, after her shift, and on weekends.

38. Defendant failed to maintain accurate time records of all hours worked by Plaintiff.

39. Defendant violated the record-keeping provision of the FLSA, 29 U.S.C. § 211(c).

### COUNT ONE:  DEFENDANT'S WILLFUL FAILURE TO PAY PLAINTIFF THE REQUIRED OVERTIME PREMIUM RATE FOR ALL HOURS WORKED IN EXCESS OF 40 PER WEEK IN VIOLATION OF THE FLSA

40. Plaintiff regularly worked in excess of 40 hours per workweek.

41. Defendant told Plaintiff that Defendant would not pay wages at an overtime premium rate for the hours Plaintiff worked in excess of 40 per workweek as an Operations Analyst II.

42. Defendant knew that Plaintiff worked in excess of 40 hours per week during certain workweeks.

43. Defendant determined Plaintiff's job duties.

44. Defendant failed to pay Plaintiff at a rate of not less than one and one-half times her regular rate for hours in excess of 40 per week.

45. Defendant's violations of the FLSA's overtime provision, 29 U.S.C. § 207, were willful.

## COUNT TWO:  DEFENDANT'S RETALIATION AGAINST PLAINTIFF FOR ENGAGING IN ACTIVITY PROTECTED BY THE FLSA

46. On January 31, 2013, Plaintiff notified Defendant in writing of her intent to file a claim based on Defendant's failure to pay Plaintiff overtime wages in violation of the FLSA.

47. Plaintiff's notice of representation constituted statutorily protected conduct under the FLSA.

48. Defendant terminated of Plaintiff on February 13, 2013.

49. Defendant's termination of Plaintiff was directly and proximately related to her protected activity, as evidenced by the temporal proximity between Plaintiff's protected activity and Defendant's retaliatory termination.

50. Defendant's retaliation was punishment for Plaintiff's statutorily protected conduct.

51. Defendant's retaliation against Plaintiff violated the FLSA.

52. As a direct and proximate result of Defendant's retaliation against Plaintiff for engaging in statutorily protected opposition to Defendant's violations of the FLSA, Plaintiff suffered the loss of past and future income and employee benefits and emotional distress.

## DEMAND FOR JUDGMENT

Plaintiff respectfully prays that:

I. The Court enter judgment in favor of Plaintiff;

II. The Court enter judgment against Defendant that its violations of the FLSA were willful;

III. The Court award Plaintiff all unpaid wages as provided for by the FLSA;

IV. The Court award Plaintiff liquidated damages equal to the amount of all unpaid wages as provided for by the FLSA;

V. The Court award Plaintiff any "such legal or equitable relief as may be appropriate to effectuate the purpose of Section 215(a)(3)" pursuant to 29 U.S.C. § 216(b);

VI. The Court award Plaintiff compensatory damages for Defendant's flagrant violation of the anti-retaliation provision of the FLSA;

VII. The Court award Plaintiff back pay, front pay, and liquidated damages for Defendant's flagrant violation of the anti-retaliation provision of the FLSA;

VIII. The Court award Plaintiff reasonable costs and attorney's fees as provided for by the FLSA; and

IX. Plaintiff receive such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted: April 17, 2013.

|  |  |
|---|---|
| MAYS & KERR LLC<br>229 Peachtree Street<br>International Tower \| Suite 980<br>Atlanta, Georgia 30303<br>Telephone: (404) 410-7998<br>Facsimile: (404) 855-4066<br>john@maysandkerr.com<br>jeff@maysandkerr.com | s/John L. Mays<br>John L. Mays, Esq.<br>Georgia Bar No. 986574<br>Jeff Kerr, Esq.<br>Georgia Bar No. 634260<br><br><br>Counsel for Plaintiff |